SUMMARY ORDER

Petitioner Shun Chai Chi, a native and citizen of China, seeks review of a March 7, 2008 order of the BIA denying her motion to remand and affirming the June 13, 2006 decision of Immigration Judge (“IJ”) Sandy Horn denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Shun Chai Chi, No. A 95 710 084 (B.I.A. Mar. 7, 2008), aff'g No. A 95 710 084 (Immig. Ct. N.Y. City June 13, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovie v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heai't of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii). Thus, we “defer to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
Substantial evidence supports the IJ’s adverse credibility determination, including Chi’s evasive and unresponsive testimony. See Li Hua Lin v. U.S. Dep’t of Justice, 453 F.3d 99, 109 (2d Cir.2006) (“We can be [] more confident in our review of observations about an applicant’s demeanor where ... they are supported by specific examples of inconsistent testimony.”). The IJ also did not err in relying on inconsistencies concerning the alleged birth of Chi’s second son. See 8 U.S.C. § 1158(b)(l)(B)(iii). As the IJ noted, Chi testified that her son was born prematurely at eight months despite the fact that his birth certificate indicates he was born at almost ten months.
Having called Chi’s credibility into question, the IJ appropriately considered whether it was corroborated. In particular, the IJ noted the absence of any letter or affidavit from Chi’s mother, husband, or mother-in-law and any evidence of her prenatal treatment at a private clinic, her nervous breakdown, her mother’s injury, or the fine imposed for her family planning violation. The IJ could and did consider that the absence of such evidence further *63 undermined credibility. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006).
To the extent that Chi challenges the IJ’s other findings supporting the adverse credibility determination, we decline to consider these arguments because even if there were error, remand would be futile as it can be confidently predicted that the agency would reach the same conclusion on remand. See Xiao Ji Chen, 471 F.3d at 339. Ultimately, substantial evidence supported the IJ’s denial of asylum. See 8 U.S.C. § 1252(b)(4)(B); Liang Chen v. U.S. Attorney General, 454 F.3d 103, 106 (2d Cir.2006). Because the only evidence that Chi was likely to be persecuted or tortured depended upon her credibility, the adverse credibility determination in this case also precludes success on her claims for withholding of removal and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
Additionally, the BIA did not abuse its discretion in denying Chi’s motion seeking remand on the basis of additional evidence submitted on appeal. See Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). The BIA may reasonably decline to accord probative weight to documents submitted with a motion where the IJ made an adverse credibility determination after the movant’s asylum hearing. Qiu Wen Zheng v. Gonzales, 500 F.3d 143, 146-47 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).